**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| OPTIC153 LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>THORLABS, INC.,<br><br>  Defendant. | CIVIL ACTION NO. 6:19-cv-667-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE** |

**PLAINTIFF'S COMBINED OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE UNDER RULE 12(b)(3) AND MOTION FOR LEAVE TO CONDUCT EXPEDITED VENUE DISCOVERY**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................ 1

III. LEGAL STANDARD .................................................................................................... 2

IV. ARGUMENT ................................................................................................................. 3

   A. Venue is Proper in this District ................................................................................. 3

      1. Thorlabs has a Regular and Established Place of Business Within This District ............ 3

      2. Thorlabs Has Not Observed Corporate Formalities in Dealing with TSIC ...................... 4

      3. Plaintiff Has Pled Sufficient Facts Regarding Thorlabs' Infringement ........................... 5

      4. Plaintiff Is Entitled to Targeted Venue Discovery .......................................................... 5

V. CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aten Int'l Co. v. Emine Tech. Co.*,
  261 F.R.D. 112 (E.D. Tex. 2009) ................................................................................................ 3

*Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*,
  No. 2:17-CV-00430-JRG,
  2019 U.S. Dist. LEXIS 86350 (E.D. Tex. May 22, 2019) .......................................................... 7

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017) .................................................................................................. 2

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018) .................................................................................................. 2

*Intellectual Ventures II LLC v. FedEx Corp.*,
  No. 2:16-CV-00980-JRG,
  2017 U.S. Dist. LEXIS 193581 (E.D. Tex. Nov. 22, 2017) ....................................................... 5

*Moore v. CITGO Ref. & Chems. Co., L.P.*,
  735 F.3d 309 (5th Cir. 2013) ...................................................................................................... 6

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978) .................................................................................................................... 6

*Raytheon Co. v. Cray, Inc.*,
  258 F. Supp. 3d 781 (E.D. Tex. 2017) ....................................................................................... 5

*Snyders Heart Valve LLC v. St. Jude Med. S.C., Inc.*,
  No. 4:16-CV-00812-ALM,
  2018 U.S. Dist. LEXIS 105462 (E.D. Tex. Jun. 25, 2018) ........................................................ 3

*Symbology Innovations*,
  158 F. Supp. 3d 916 (E.D. Va. 2017) ......................................................................................... 5

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  137 S. Ct. 1514 (2017) ................................................................................................................ 2

*Va. Innovation Scis., Inc. v. Amazon.Com, Inc.*,
  No. 4:18-cv-474-ALM,
  2019 U.S. Dist. LEXIS 117004 (E.D. Tex. Jul. 15, 2019) .......................................................... 3

**Statutes**

28 U.S.C. §1400 ................................................................................................................................ 2

**Rules**

Fed. R. Civ. P. 12 ............................................................................................................................. 6

**I.      INTRODUCTION**

Defendant Thorlabs, Inc. ("Thorlabs") holds itself out to its customers and potential employees as having a place of business in Austin, Texas.  It lists a location in Austin on its website and invites job-seekers to apply to positions at Thorlabs Scientific Imaging Corporation ("TSIC"), which it describes as a "department" of Thorlabs located in Austin.  Thorlabs has registered as a taxpayer in the State of Texas, listing its place of business at an address in Austin.

This is inconsistent with Thorlabs' position that it has no place of regular and established business in this district and that it is separate from its subsidiary TSIC.  Rather, these facts indicate that Thorlabs does maintain a regular and established place of business in this district, or that Thorlabs has failed to observe corporate formalities in dealing with its subsidiary.  Either is sufficient to establish venue in this district.  Accordingly, the Court should deny Thorlabs' Motion to Dismiss for Improper Venue Under Rule 12(b)(3) ("Motion").  To the extent that the Court requires additional evidence before ruling on Thorlabs' motion, Optic153 LLC ("Optic153") contingently seeks leave to conduct targeted venue discovery to determine the exact nature of Thorlabs' business in this district and corporate relationship with TSIC in order to establish venue propriety.

**II.     BACKGROUND**

Optic153 filed a Complaint for infringement of U.S. Patent No. 6,587,261 ("the '261 Patent") against Thorlabs on November 18, 2019.  (Dkt. 1.)  The Complaint alleges that Thorlabs, through its manufacture, use, sale, and offer to sale of erbium-doped amplifier products, has infringed and continues to infringe the '261 Patent.  (Dkt. 1 at ¶¶ 15-17.)  The Complaint asserts that venue is proper pursuant to 28 U.S.C. § 1400(b) based on Thorlabs' operation of a facility at 4120 Freidrich Ln., Austin, TX  78744-1025; its registration to do

business in Texas; and its importation, sales and offer to sale infringing technology in this district. (Dkt. 1 at ¶ 6.)

On December 10, 2019, Thorlabs filed its Motion (Dkt. 8.) In support of its Motion, Thorlabs filed a declaration, which asserts that Thorlabs "does not maintain an office or other place of business" and has no employees in this district. (Dkt. 8-1 at ¶ 3.) Thorlabs also argues that it is TSIC, and not Thorlabs, that is located in Austin, Texas (Dkt. 8 at 1), and that venue over Thorlabs cannot be established based on the place of business of TSIC, which are purportedly separate entities. (*Id.* at 3.)

## III.   LEGAL STANDARD

Pursuant to the patent venue statute, "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. §1400(b). "[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017). As to venue under the second prong of the statute, there are "three general requirements relevant to the inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Further, the Federal Circuit has established that "upon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). "The Federal Circuit, the Fifth Circuit, and the Eastern District of Texas, have all held that plaintiffs can satisfy this burden with an allegation of infringement and that plaintiffs need not prevail on the merits of its infringement

2

claim to satisfy its venue burden." *Snyders Heart Valve LLC v. St. Jude Med. S.C., Inc.*, No. 4:16-CV-00812-ALM, 2018 U.S. Dist. LEXIS 105462 at *16-17 (E.D. Tex. Jun. 25, 2018). "[I]n determining whether venue is proper the [C]ourt is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Va. Innovation Scis., Inc. v. Amazon.Com, Inc.*, No. 4:18-cv-474-ALM, 2019 U.S. Dist. LEXIS 117004 at *17 (E.D. Tex. Jul. 15, 2019) (internal quotation marks omitted). "If there is no evidentiary hearing, a plaintiff may carry its burden by presenting facts, taken as true, that establish venue. . . . Courts will accept uncontroverted facts in a plaintiff's pleadings as true and will resolve any conflicts in the plaintiff's favor." *Aten Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 121 (E.D. Tex. 2009).

## IV. ARGUMENT

### A. Venue is Proper in this District

#### 1. Thorlabs has a Regular and Established Place of Business Within This District

Despite Thorlabs' attempt to obfuscate by asserting that only its subsidiary TSIC has a location in Austin (Dkt. 8 at 3.), Thorlabs itself maintains a regular and established place of business in this district. Thorlabs' own website lists 4120 Freidrich Lane, Austin, Texas 78744 as one of "our manufacturing locations." (Ex. 1.)[1] The online records of the Texas Comptroller of Public Accounts further indicate that the address at 4120 Freidrich Lane in Austin is registered as the place of business for both ThorLabs (Ex. 2) and TSIC. (Ex. 3.)

---

[1] Citations to Exhibits in this brief refer to the Exhibits attached to the co-filed Declaration of Alex Chan in Regard to Plaintiff's Combined Opposition to Defendant's Motion to Dismiss for Improper Venue Under Rule 12(B)(3) and Motion for Leave to Conduct Expedited Venue Discovery.

3

Indeed, it is without any dispute that the address at 4120 Freidrich Lane in Austin is a regular and established place of business.  The existence of a Texas Taxpayer Number ("TTN") for Thorlabs suggests that Thorlabs is maintaining an "active" right to transact business in Texas and is regularly paying franchise tax in Texas.  On information and belief, to secure and maintain an "active" right to transact business in Texas, Thorlabs must file annual tax reports, as well as submit the Texas Nexus Questionnaire, which requires Thorlabs to provide the earliest date it had a physical presence in Texas and establish nexus to Texas.  (Ex. 4.)  Having expended effort and resources to secure and maintain its TTN, Thorlabs cannot now be allowed to disavow its nexus to Texas and to the Western District of Texas specifically.

For at least the foregoing, the Court may reasonably infer that Thorlabs has a regular and established place of business in Austin, Texas, and that venue is proper in this district.

### 2. Thorlabs Has Not Observed Corporate Formalities in Dealing with TSIC

Thorlabs asserts that "Thorlabs and TSIC maintain independent corporate statuses, identities, and structures" and that "Thorlabs has no employees and does not own or maintain any property in the Western District of Texas."  (Dkt. 8-1 at ¶ 3.)  Quite the contrary, the corporate boundary lines between Thorlabs and TSIC are not so clear-cut.  Administratively, both share the same phone numbers and email addresses for sales and technical support.  (Ex. 1.)  Also, Thorlabs consistently advertises employment opportunities with TSIC in Austin as opportunities for employment with Thorlabs.  (Ex. 5.)  In these advertisements, Thorlabs does not separate or differentiate itself from TSIC; instead, it describes TSIC as a "department" (*Id.*) or "group" of Thorlabs.  (Ex. 6.)  As an example, an online job advertisement for an Applications Engineer at Thorlabs in Austin, Texas makes no reference to TSIC at all, even though the scope of available position is directed to TSIC's scientific imaging products.  (Ex. 7.)  Finally, and as described above, the same address at 4120 Freidrich Lane in Austin is registered with the Texas

4

Comptroller of Public Accounts for both Thorlabs and TSIC, evidencing that Thorlabs and TSIC operate out of the same location in this district.

The substantial overlap in the two companies' business affairs and administrative operations cast serious doubt on Thorlabs' contention that the two companies are separate and distinct. Because there is no corporate separateness between Thorlabs and TSIC, to the extent that Thorlabs maintains that it has no regular and established place of business in this district, TSIC's place of business in this district can be and should be imputed to Thorlabs.

### 3. Plaintiff Has Pled Sufficient Facts Regarding Thorlabs' Infringement

Thorlabs attempts to deflect focus on its physical presence in this district by pointing out an immaterial fact that TSIC "does not make, use or sell the 'Accused Instrumentalities' identified in the complaint and has never done so." (Dkt. 8 at ¶ 5.) However, at the pleadings stage, "courts have 'consistently held that an allegation of infringement is itself sufficient to establish venue and [the] plaintiff is not required to demonstrate actual infringement by [the] defendant[].'" *Symbology Innovations*, 158 F. Supp. 3d 916, 928 (E.D. Va. 2017) (*quoting Raytheon Co. v. Cray, Inc.*, 258 F. Supp. 3d 781, 788 (E.D. Tex. 2017), *vacated on other grounds by Cray*, 871 F.3d 1355); *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 U.S. Dist. LEXIS 193581 at *24-25 (E.D. Tex. Nov. 22, 2017) (same). As Optic153 has properly pled that Thorlabs "introduces products and services into the stream of commerce that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States" (*see, e.g.*, Dkt. 1 at ¶ 3), this is sufficient for purposes of venue and nothing more is required.

### 4. Plaintiff Is Entitled to Targeted Venue Discovery

Thorlabs asserts that it does not have a regular and established place of business in Texas and this district (Dkt. 8 at 2), and that it has maintained corporate separateness from TSIC. (*Id.*

5

at 4.)  While Thorlabs' and TSIC's business and tax records, sale and lease contracts, board membership, Texas Nexus Questionnaires and the like would be most illuminating on the issue of venue, Thorlabs failed to address any of this information in its Motion.  Rather, Thorlabs included a cursory, bare-bones declaration that simply asks the Court to accept that venue is improper in this district.  This is not enough to dismiss this case under Fed. R. Civ. P. 12(b)(3).

Optic153 has no access to Thorlabs' and TSIC's business and corporate documents, or to Thorlabs's Texas Nexus Questionnaire, and cannot verify Thorlabs' declarant's representation.  However, publicly available information, as well as Thorlabs' own statements on its website and job advertisements, contradict its declarant's statements.  Accordingly, at the very least Plaintiff should be allowed to conduct limited jurisdictional and venue discovery into Thorlabs' business activities in this district and explore the corporate relationship between Thorlabs and TSIC to determine the veracity of Thorlabs' representations to the Court regarding its purported lack of presence in this district.  In connection with this contingent motion, Optic153 has submitted a proposed notice of deposition (Ex. 8), a proposed set of requests for production of documents (Ex. 9), and a proposed set of interrogatories (Ex. 10), each of which is narrowly drawn.  This proposed discovery is directed to topics that cover, for example, ThorLabs' acts of infringement (Ex. 10 at 9), business activities in the Western District of Texas (*Id*. at 9-10), membership of the respective boards of directors of Thorlabs and TSIC (*Id*.), and ThorLabs' authority and control over TSIC (*Id*.)

Whether to order venue-specific discovery lies within the broad discretion of the district court.  *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.13 (1978).  *See also Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013) ("A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse."); *Blitzsafe Tex. LLC v. Mitsubishi*

*Elec. Corp.*, No. 2:17-CV-00430-JRG, 2019 U.S. Dist. LEXIS 86350, at *13 (E.D. Tex. May 22, 2019) (venue discovery "makes good sense" because this issue is often fact-intensive and only required to be alleged plausibly).

Thus, to the extent that the Court finds that Plaintiff has not met its burden, Plaintiff respectfully requests that the Court grant Plaintiff leave for targeted venue-specific discovery. Such discovery would facilitate a full and fair resolution of this dispute and further substantiate Plaintiff's position that venue for this action properly lies in the Western District of Texas.

## V.    CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion and grant any such other and further relief as the Court deems just and proper. In the alternative, Plaintiff requests that the Court grant Plaintiff leave to conduct jurisdictional and venue-specific discovery.

Dated:  January 10, 2020              Respectfully submitted,

*/s/ Alex Chan*
Alex Chan (State Bar No. 24108051)
achan@devlinlawfirm.com
Timothy Devlin (*pro hac vice* to be filed)
tdevlin@devlinlawfirm.com
James M. Lennon (*pro hac vice* to be filed)
jlennon@devlinlawfirm.com
Nadiia S. Loizides (*pro hac vice* to be filed)
nloizides@devlinlawfirm.com
Peter Akawie Mazur (*pro hac vice* to be filed)
pmazur@devlinlawfirm.com
1526 Gilpin Ave.
Wilmington, DE  19806
Phone: (302) 449-9010

*Attorneys for Plaintiff*
*OPTIC153 LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system.

>*/s/ Alex Chan*
>Alex Chan