UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| OPTIC153 LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>THORLABS INC.,<br><br>               Defendant. | Civil Action No. 6:19-cv-667-ADA |

**REPLY BRIEF OF DEFENDANT THORLABS INC. IN FURTHER SUPPORT
OF ITS MOTION TO DISMISS FOR IMPROPER VENUE AND
IN OPPOSITION TO PLAINTIFF'S MOTION FOR VENUE DISCOVERY**

# **TABLE OF CONTENTS**

**PAGE**

Table of Authorities ................................................................................................. ii

A.  Introduction .................................................................................................. 1

B.  Thorlabs Does Not Have a Regular
    and Established Place of Business in Texas .............................................. 1

C.  Thorlabs and Thorlabs Scientific
    Imaging Corporation Are Corporately Separate ......................................... 3

D.  Optic's Request for Discovery Should Be Denied ...................................... 4

E.  Conclusion ................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Broadway Nat'l Bank v. Plano Encryption Techs., LLC*,
    173 F. Supp. 3d 469 (W.D. Tex. 2016) .................................................................................. 4, 5

*EMED Techs. Corp. v. Repro-Med. Sys., Inc.*,
    2018 WL 2544564 (E.D. Tex., June 4, 2018) ............................................................................ 2

*In re Cray*,
    871 F.3d 1355 (Fed. Cir. 2017) .................................................................................................. 2

*Interactive Toybox, LLC v. Walt Disney Co.*,
    2018 WL 5284625 (W.D. Tex., Oct. 24, 2018) ...................................................................... 1, 4

*Symbology Innovations, LLC v. Lego Sys., Inc.*,
    282 F. Supp. 3d 916 (E.D. Va. 2017) .................................................................................... 2, 5

**STATUTES**

    28 U.S.C. § 1400(b) ................................................................................................................ 1, 3

A.      **Introduction**

Defendant Thorlabs Inc. ("Thorlabs") submits this reply brief and the accompanying Supplemental Declaration of Robert P. Regimbal, Esq., in further support of its motion to dismiss the complaint of plaintiff Optic 153, LLC ("Optic") for improper venue and in opposition to Optic's motion for expedited venue discovery.

Optic's opposition founders on the irrelevant facts that: (i) Thorlabs is registered to transact business in Texas; (ii) Thorlabs' website identifies its Austin-based subsidiary Thorlabs Scientific Imaging Corporation; and (iii) Thorlabs' website and websites of third-parties post employment opportunities at Thorlabs Scientific Imaging Corporation (and other subsidiaries of Thorlabs throughout the world).

These facts do not come close to satisfying Optic's burden of establishing that Thorlabs has a place of business in this District, *Interactive Toybox, LLC v. Walt Disney Co.*, 2018 WL 5284625, *1 (W.D. Tex., October 24, 2018), or Optic's "substantial burden" of showing that venue over Thorlabs is proper because it has ignored corporate formalities and treated Thorlabs Scientific Imaging Corporation as an alter ego. *Id.* at *3-*4.

In addition, Optic's motion for venue discovery should be denied because it would serve no purpose and thwart the policy underlying the patent venue statute, 28 U.S.C. § 1400(b), as neither Optic nor Thorlabs has any connection with the Western District of Texas.

B.      **Thorlabs Does Not Have a Regular and Established Place of Business in Texas**

Optic's argument that Thorlabs maintains a place of business in Texas because Thorlabs' website identifies Thorlabs Scientific Imaging Corporation as one of "our manufacturing locations" is unfounded. (D.I. 10, Opp. Br. at 3). Thorlabs' website plainly discloses that Thorlabs is located in Sparta, New Jersey. (D.I. 10-2, Declaration of Alex Chan

("Chan Decl."), Ex. 1 at 1). It is also clear that Thorlabs' website identifies all of its subsidiaries and divisions throughout the United States and overseas by name, location, and specialization. (*Id.* at 1-3). Thorlabs' website does not indicate, let alone establish, that Thorlabs maintains a place of business in Texas. It merely shows, truthfully, that Thorlabs Scientific Imaging Corporation's place of business is in Austin, Texas.

Equally unfounded is Optic's argument that Thorlabs has an "established place of business" in Texas because Thorlabs' Franchise Tax Account report contains the same address as that of Thorlabs Scientific Imaging Corporation. (D.I. 10, Opp. Br. at 3; D.I. 10-3, Chan Decl., Ex. 2). However, this report simply lists a "mailing address" for Thorlabs in Austin. (D.I. 10-3, Chan Decl., Ex. 2). The report does not state that Thorlabs is located in Texas. Moreover, it is significant that Thorlabs and Thorlabs Scientific Imaging Corporation filed separate Tax Account reports in their own names and that each has a different taxpayer identification number. (D.I. 10-3, Chan Decl., Ex. 2 and D.I. 10-4, Chan Decl., Ex. 3). Separate filings plainly signify that Thorlabs and Thorlabs Scientific Imaging Corporation are separate corporate entities.

Optic's next argument, that Thorlabs has a place of business in Texas because it is registered and earns revenue in Texas (D.I. 10, Opp. Br. at 4), should have "no bearing on the Court's venue analysis." *Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 931 (E.D. Va. 2017). This is so because "[t]he purpose of the statutory limits on venue in the patent venue statute was to protect defendants from being sued in forums distant from their place of incorporation or residence." *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, 2018 WL 2544564, *3 (E.D. Tex., June 4, 2018), *citing In re Cray*, 871 F.3d 1355, 1361 (Fed. Cir. 2017) ("'Congress adopted the predecessor to § 1400(b) as a special venue statute in patent actions to eliminate the

'abuses engendered' by previous venue provisions allowing such suits to be brought in any district in which the defendant could be served.'" (citation omitted)).

Accordingly, Thorlabs being registered and deriving revenue in Texas is irrelevant to whether Thorlabs maintains a place of business here, which it does not. A ruling in favor of Optic based on registration and revenue would defeat the purpose of 28 U.S.C. § 1400(b) and resurrect the abuse the patent venue statute is designed to eliminate "by subjecting defendants to suit wherever they could be served." *Symbology Innovations*, 282 F. Supp. 3d at 931.

Optic has failed to meet its burden to show that Thorlabs maintains a "regular and established place of business" in this District.

**C.     Thorlabs and Thorlabs Scientific Imaging Corporation Are Corporately Separate.**

Optic gamely attempts to show that Thorlabs and Thorlabs Scientific Imaging Corporation are not separate and distinct corporate entities because: (i) the sales and service phone numbers provided by Thorlabs' website for its North American subsidiaries are the same; and (ii) Thorlabs' website, LinkedIn, and Glassdoor.com all identify job opportunities at various Thorlabs' subsidiaries. (D.I. 10, Opp. Br. at 4; D.I. 10-6, Chan Decl., Ex. 5; D.I. 10-7, Chan Decl., Ex. 6; D.I. 10-8, Chan Decl., Ex. 7). Mr. Regimbal's Supplemental Declaration (filed herewith) amply explains and refutes both points.

First, Thorlabs' subsidiaries sell products directly to customers as well as to Thorlabs on an arms-length basis. (Regimbal Supp. Decl., ¶ 9). The common phone numbers on Thorlabs' website are simply a function of the fact that Thorlabs buys and resells its subsidiaries' products. (*Id.,* ¶¶ 10-11). If a Thorlabs' customer seeks a subsidiary's product that Thorlabs does not have in stock, Thorlabs either purchases the product from the subsidiary for the customer or

refers the customer to purchase the product directly from the subsidiary. Similarly, if there is a service issue, Thorlabs charges the subsidiary that made the product for the return or repair of the product. (*Id.*).

Second, Thorlabs' website and the LinkedIn and Glassdoor.com job postings make it clear where an applicant would be employed, *e.g.* Imaging Systems in Sterling, Virginia, or Thorlabs Scientific Imaging in Austin, Texas. (*See* D.I. 10-6, Chan Decl., Ex. 5). Although it is true that the online job postings do not identify the subsidiary as a "Corporation" or "Inc.," that does not change the fact that Thorlabs' subsidiaries, including Thorlabs Scientific Imaging Corporation, make their own hiring decisions, and that a subsidiary's employees are employed by the subsidiary and not by Thorlabs. (Regimbal Supp. Decl., ¶ 5).

Thorlabs plainly observes corporate separateness with Thorlabs Scientific Imaging Corporation. Optic has failed to offer any evidence that disturbs the "'[s]ettled'" presumption that Thorlabs and Thorlabs Scientific Imaging Corporation "'exist as separate entities.'" *Interactive Toybox*, 2018 WL 5284625 at *3 (citation omitted).

### D.     Optic's Request for Discovery Should Be Denied

Optic's proposed discovery consists of twenty-three Rule 30(6) topics, thirty-five document requests, and eight interrogatories. (D.I. 10, Opp. Br. at 5-6; D.I. 10-8, Chan Decl., Ex. 7; D.I. 10-9, Chan Decl., Ex. 8; D.I. 10-10, Ex. 9; D.I. 10-11, Chan Decl., Ex. 10). These inquiries are hardly "targeted," "limited," or "narrow." (D.I. 10, Opp. Br. at 5-6). Many have no bearing at all on regular place of business or alter ego issues and are objectionable as to relevance. All are objectionable as to breadth of scope.

In any event, "[a]s the party opposing dismissal and requesting discovery," Optic "bears the burden of demonstrating the ***necessity*** of discovery." *Broadway Nat'l Bank v. Plano*

*Encrytion Techs., LLC*, 173 F. Supp. 3d 469, 480 (W.D. Tex. 2016) (emphasis added).  Optic has not done so.

Optic has offered no facts that call into question the averments in the first Declaration of Robert Regimbal that Thorlabs does not maintain a place of business or own any property in Texas.  (D.I. 8-1; *see also* Regimbal Supp. Decl., ¶¶ 3-7).  Optic's attempt to place Thorlabs in the location of Thorlabs Scientific Imaging Corporation in Austin is simply unavailing for the reasons set forth above in Point B, above.  Likewise, as shown in Point B, Optic's Texas registration and revenue arguments fail as a matter of law to establish that Thorlabs maintains a place of business in Texas.  Moreover, to the extent that Optic purports to raise questions concerning whether Thorlabs has ignored corporate formalities based on job postings and phone numbers, they have been fully answered by Mr. Regimbal's Supplemental Declaration, as discussed in Point C, above.

Having failed to adduce any facts that Thorlabs maintains a place of business in this District, or that the corporate separateness of Thorlabs and Thorlabs Scientific Imaging Corporation is a fiction, Optic's request for discovery would serve "no purpose" and should be denied.  *Broadway Nat'l Bank*, 173 F. Supp. 3d at 481; *Symbology Innovations*, 282 F. Supp. 3d at 933-34 (Venue discovery denied where "no indication of fraud or misconduct in the defendant's affidavits, and there [is] no reason to believe that the additional information sought would alter the outcome.").

In addition, Optic should not be permitted venue discovery because it "would create the inconvenience that venue rules are intended to prevent -- the defendant would still be required to litigate in an inconvenient district."  *Symbology Innovations*, 282 F. Supp. 3d at 934.  "This unfairness is exacerbated," as the Court in *Symbology* emphasized, because Optic (a

Delaware company with one office in Pennsylvania) and Thorlabs (a New Jersey corporation located in that State) "have no connection to [Optic's] choice of forum." *Id.*

Optic's request for venue discovery should be denied.

**E.     Conclusion**

For all the foregoing reasons, and for those expressed in its opening brief (D.I. 8), defendant Thorlabs Inc. respectfully urges the Court to dismiss the complaint for want of proper venue and deny Optic's request for venue discovery.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: January 17, 2020 | /s/ *John M. Hintz*<br>John M. Hintz (*admitted in W.D. Texas*)<br>Maynard, Cooper & Gale, P.C.<br>551 Fifth Avenue, Suite 2000<br>New York, NY 10176<br>(646) 609-9280<br>jhintz@maynardcooper.com<br><br>*Attorneys for Defendant Thorlabs Inc.* |

Of Counsel:

Charles Quinn
McElroy, Deutsch, Mulvaney & Carpenter
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
973-993-8100
cquinn@mdmc-law.com

#3961743v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of January, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Timothy Devlin
>Peter Mazur
>Nadiia S. Loizides
>James M. Lennon
>Alex H. Chan
>Devlin Law Firm LLC
>1526 Gilpin Ave.
>Wilmington, DE  19806

and I further certify that on the 17th day of January, 2020, I sent the foregoing by email to Timothy Devlin at tdevlin@devlinlawfirm.com and James M. Lennon at jlennon@devlinlawfirm.com.

*/s/ John M. Hintz*