IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **OPTIC153 LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION 6:19-CV-00667-ADA |
| | § | |
| | § | |
| **THORLABS INC.,** | § | |
| *Defendant.* | § | |

### ORDER GRANTING DEFENDANT THORLAB INC.'S
### MOTION TO DISMISS FOR IMPROPER VENUE UNDER RULE 12(b)(3)

Came on for consideration this date Defendant's Motion to Dismiss for Improper Venue under Federal Rule of Civil Procedure ("FRCP") 12(b)(3) (ECF No. 8), Plaintiff's Response (ECF No. 10), and Defendant's Reply (ECF No. 11). After having reviewed the parties' briefs, case file, and applicable law, the Court has determined that Defendant's Motion to Dismiss for Improper Venue should be **GRANTED** and Plaintiff's request to conduct targeted venue discovery in order to establish venue propriety should be **DENIED**.

### I.    BACKGROUND

On November 18, 2019, Plaintiff Optic153 LLC filed this lawsuit against Defendant Thorlabs Inc. alleging infringement on U.S. Patent No. 6,587,261 ("the '261 Patent"). ECF No. 1. The 261 Patent protects optical transmission systems, including optical amplifiers and methods of use therein. *Id*. at 5. Plaintiff alleges that Defendant infringed on and continues to infringe on the '261 Patent through its manufacture, use, sale, and offer to sell of erbium-doped amplifier products. *Id*.

On December 10, 2019, Defendant filed a Motion to Dismiss for Improper Venue under FRCP 12 (b)(3). ECF No. 8 at 1. On January 10, 2020, Plaintiff filed its Response and contingently seeks leave to conduct targeted venue discovery. ECF No. 10 at 1. Plaintiff seeks to establish venue propriety by obtaining additional evidence about the nature of Defendant's business in the Western District of Texas and Defendant's corporate relationship with its subsidiary, Thorlabs Scientific Imaging Corporation ("TSIC"). *Id*.

## II.  LEGAL STANDARD

Pursuant to the Patent Venue Statute, 28 U.S.C. § 1400(b), "Any civil action for patent infringement may be brought in the judicial district where; the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). "[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2107). As to venue under the second prong of the statute, there are "three general requirements relevant to the inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Upon motion by the defendant challenging venue in a patent case, the plaintiff bears the burden of establishing proper venue. *See, In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). If there is no evidentiary hearing, a plaintiff may carry its burden by presenting facts, taken as true, that establish venue. *Aten Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 121 (E.D. Tex. 2009).

### III.   DISCUSSION

A. **Defendant's Motion to Dismiss for Improper Venue**

Defendant claims that the Western District of Texas is an improper venue for two reasons. ECF No. 8 at 1. First, Defendant is a New Jersey corporation and, therefore, it does not reside in this District. *Id*. Second, Defendant asserts it does not have "a regular and established place of business" in this District. *Id*. Plaintiff contends that the Defendant's Austin based wholly-owned subsidiary, Thorlabs Scientific Imaging Corporation ("TSIC"), establishes that the Defendant maintains a regular and established place of business in the Western District, and thus, venue is proper in the District. ECF No. 10 at 1.

#### 1. Venue is Improper because Defendant Does Not Maintain a Regular and Established Place of Business in the Western District.

Defendant asserts that it does not have "a regular and established place of business" in the Western District because it does not have any employees, lease any property, or have an office or other place of business in the District. ECF No. 8 at 2–3. In its Reply, Plaintiff asserts that Defendant maintains a regular and established place of business[1] in the Western District. *Id*. at 3–4. Plaintiff supports this contention by asserting that Defendant's listed this address on its website and registered this address with the Texas Comptroller as the place of business for both Defendant and its subsidiary, TSIC. *Id.* Further, Plaintiff asserts that Defendant maintains an active right to transact business in Texas, evidenced by the existence of a Texas Taxpayer Number. *Id*. at 4.

In its reply, Defendant argues that its website does not indicate nor establish that it maintains a place of business in Texas. ECF No. 11 at 1–2. Instead, Defendant asserts that the website shows TSIC's place of business is in Austin, Texas, and plainly discloses that Defendant

---

[1] This "established business" is TSIC the wholly-owned subsidiary of Defendant and is located at 4120 Freidrich Lane, Austin, Texas 78744.

is located in Sparta, New Jersey. *Id*. Further, Defendant counters that while the Franchise Tax Account report contains the same address as TSIC, the report simply lists a "mailing address" for Defendant. *Id*. at 2. Additionally, Defendant claims that since it and TSIC file separate Franchise Tax Account reports, in their own names, and have different taxpayer identification numbers, this clearly shows two separate entities. *Id*.

The evidence presented does not satisfy the Plaintiff's burden of establishing that Defendant has a place of business in this District. *Id*. The purpose of the statutory limits on venue in a patent venue statute are to protect defendants from suit in forums distant from their place of incorporation or residence. *EMED Techns. Corp. v. Repro-Med Sys., Inc.*, 2018 LEXIS 93658, at *4 (E.D. Tex. June 4, 2018). The mere fact that Defendant is registered and earns revenue in Texas has no bearing on the Court's venue analysis. *See, Symbology Innovations, LLC v. Lego Sys., Inc.*, 158 F. Supp.3d 916, 913 (E.D. Va. 2017). Thus, the Court concludes that the Defendant does not maintain a regular and established place of business in the WDTX.

**2. TSIC's Presence in the Western District Cannot be Imputed to Defendant.**

Defendant concedes that its subsidiary, TSIC, is located in Austin, which is within the WDTX. ECF No. 8 at 1. However, Defendant asserts that Plaintiff cannot establish venue based on TSIC's presence in the District because Defendant and TSIC are formally and functionally separate entities. *Id*.

Plaintiff argues that Defendant's failure to observe corporate formalities in dealing with its subsidiary TSIC is sufficient to establish venue in the Western District. ECF No. 10 at 3. Plaintiff asserts the substantial overlap of Defendant and TSIC's business affairs and administrative operations cast serious doubt on the contention that the two companies are separate and distinct. *Id*. at 5. Specifically, Plaintiff asserts that Defendant consistently advertises

employment opportunities in Austin without separating or differentiating itself from TSIC. *Id*. at 4. Plaintiff provides that both share the same phone numbers and email addresses for sales and technical support. *Id*. Further, Plaintiff asserts that Defendant and TSIC operate out of the same location in this District, evidenced by both Defendant and TSIC having the same address registered with the Texas Comptroller of Public Accounts. *Id*. at 4–5.

The presence of a wholly-owned subsidiary is not sufficient to establish venue for the parent corporation, except in the very narrow circumstance where entities "lack formal corporate separateness, which is a difficult standard to meet and requires proof that "the corporations disregard their separateness and act as a single enterprise." *Sovereign IP, LLC v. AT&T Inc.*, 2017 WL 5126158, at *1 (E.D. Tex. 2017). The subsidiary's presence in a venue cannot be imputed to the parent absent disregard for corporate separateness (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 276 U.S. 333, 333–35 (1925)). *Id*. So long as formal separation of [related corporations] is preserved, the courts ordinarily will not treat the place of business of one corporation as the place of business of the other. *Id*. at *1.

Defendant asserts that Thorlabs and Thorlabs Scientific Imaging Corporation maintain independent corporate statuses, identities, and structures. ECF No. 11 at 4. In its Reply, Defendant explains and refutes both points. *Id*. First, Defendant asserts that the shared phone numbers are simply a function of the fact that Defendant buys and resells its subsidiaries' products. *Id*. at 3. Second, Defendant states that its website and job postings make clear that an applicant would be employed, either with Imaging Systems in Sterling, Virginia, or with Thorlabs Scientific Imaging in Austin, Texas. *Id*. at 4. With this evidence, Defendant argues that Plaintiff has failed to offer any evidence that disturbs the presumption that Thorlabs and TSIC exist as separate entities. *Id*.

Plaintiff has failed to establish that Defendant failed to observe corporate separateness with TSIC. Plaintiff has a difficult standard to meet and requires proof that "the corporations disregard their separateness and act as a single enterprise." *Sovereign IP*, 2017 WL 5126158, at *1. Even if the companies share a unitary business purpose, the standard would not be met. *Id*. TSIC's presence in this District cannot be imputed to Defendant absent disregard for corporate separateness. Therefore, Plaintiff has failed to meet its difficult burden that Defendant maintains a regular and established place of business in this District.

### 3. Alleging Infringement is Insufficient to Establish Venue.

In its response, Plaintiff argues that an allegation of infringement itself is sufficient to establish venue. ECF No. 10 at 5. Plaintiff asserts that it has properly pleaded that Defendant "introduces products and services into the stream of commerce that incorporated infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States" is sufficient for purposes of venue, and nothing more is required. *Id*. Plaintiff relies on the language in *Symbology Innovations*, which states, "that an allegation of infringement is itself sufficient to establish venue and [the] plaintiff is not required to demonstrate actual infringement by [the] defendant []." (quoting *Symbology Innovations*, 158 F. Supp. at 928). *Id*.

However, this only satisfies one prong of the requirements set forth in the venue statute. Section 1400(b) provides that patent infringement suits "may be brought" in either "the judicial district where the defendant resides," or "where the defendant has committed acts of infringement *and* has a regular and established place of business." 28 U.S.C. 1400(b) (emphasis added). Plaintiff must still establish that Defendant has a regular and established place of business in this District. Because Plaintiff failed to establish Defendant has a regular and established place of business, the Court must grant Defendant' Motion.

### B. Plaintiff's Request for Leave to Conduct Targeted Venue Discovery

Plaintiff asserts that to the extent that the Court requires additional evidence before ruling on Defendant' motion, Plaintiff contingently seeks leave to conduct targeted venue discovery to determine the exact nature of Defendant's business in the Western District and corporate relationship with TSIC in order to establish venue propriety. ECF No.10 at 5. Plaintiff argues that because it has no access to Defendant's and TSIC's business and corporate documents, or to Defendant' Texas Nexus Questionnaire, and cannot verify Defendant' declarant's representations, it does not have access to information needed to establish venue. *Id*. at 6.

In its response, Defendant asserts that Plaintiff cannot adduce any proof that Defendant and TSIC do not maintain corporate formalities. ECF No. 11 at 5. Additionally, Defendant asserts that Plaintiff should be denied an opportunity to seek venue discovery because the request for discovery would serve "no purpose." *Id*. Further, Defendant argues that because neither Plaintiff nor Defendant has a connection to this District, the unfairness of allowing Plaintiff venue discovery is exacerbated. *Id*. at 5–6.

Whether to order venue-specific discovery lies within the broad discretion of the court. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2389, 57 L. Ed.2d 253 (1978).
The party opposing dismissal and requesting discovery bears the burden of demonstrating the necessity of discovery. *Monkton Ins. Servs., Ltd. V. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (quoting *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2014). A district court is within its discretion to deny discovery when there is no indication of fraud or misconduct in the defendant's affidavits, and there is no reason to believe that additional information would alter the outcome. *See Symbology Innovations*, 158 F. Supp.3d at 333–34. Plaintiff has not provided

7

the Court with an indication as to why Robert Regimbal's Declaration is inaccurate concerning Defendant's lack of presence in this District.

Plaintiff fails to establish that Defendant has an established and regular place of business in this District. Without an established and regular place of business Plaintiff cannot meet its burden to establish that venue is proper in this district. Further, Plaintiff has failed to adduce any facts to establish it should be allowed leave for venue discovery. Accordingly, Defendant must be dismissed.

### C. CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion to Dismiss for Improper Venue should be **GRANTED** and Plaintiff's contingent request for leave to conduct targeted venue discovery should be **DENIED**.

**SIGNED** this 19th day of June, 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE